IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES JAMES MAULDIN,

       Plaintiff,                        1: 04 CV 06527 LJO YNP GSA (PC)

  vs.                               ORDER GRANTING LEAVE TO
                                        FILE A THIRD AMENDED COMPLAINT

C. NASON, et al.,

       Defendants.

      Plaintiff is a state prisoner proceeding pro se and in forma paupers in a civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitation at Avenal State Prison. This action proceeds on the June 26,2009, second amended complaint. Plaintiff names the following individual defendants: Correctional Officer (C/O) Nason, C/O Vargas, C/O Butts. In an order entered on May 28, 2009, Plaintiff was advised that the first amended complaint stated a claim for relief as to Defendants Vargas and Nason for excessive force, but failed to state a claim against the remaining defendants, including Butts.

//

//

1

1    Plaintiff's claims stem from an altercation with another inmate.  Plaintiff alleges that the
2 other inmate attacked him.  Plaintiff alleges that Defendants Nason and Vargas watched the other
3 inmate and Plaintiff fight for approximately three minutes before help arrived.
4    Plaintiff's allegations as to C/O Butts and the other defendants was based upon his
5 conviction of attempted battery, "with no evidence to support the charge."  The court advised
6 Plaintiff that he failed to state a claim as to the remaining defendants on the ground that Plaintiff
7 failed to allege that his conviction has been reversed, expunged, or otherwise invalidated.  <u>Heck
8 v. Humphrey</u>, 512 U.S. 477, 487 (1994).
9    In the June 26, 2009, second amended complaint, Plaintiff restates the excessive for
10 allegations as to Defendants Nason and Vargas.   As to Defendant Butts, Plaintiff alleges that he
11 was responsible for Plaintiff's placement in Administrative Segregation (AdSeg), despite the fact
12 that Plaintiff was found not guilty of the charge of attempted battery with a weapon of
13 convenience.
14    Plaintiff alleges that his due process rights have been violated in conjunction with his
15 placement and retention in Ad-Seg.  The Due Process Clause protects prisoners from being
16 deprived of liberty without due process of law.  <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974).
17 In order to state a cause of action for deprivation of procedural due process, a plaintiff must first
18 establish the existence of a liberty interest for which the protection is sought.  Liberty interests
19 may arise from the Due Process Clause itself or from state law.  <u>Hewitt v. Helms</u>, 459 U.S. 460,
20 466-68 (1983).  The Due Process Clause itself does not confer on inmates a liberty interest in
21 being confined in the general prison population instead of administrative segregation.  <u>See
22 Hewitt</u>, 459 U.S. at 466-68.  With respect to liberty interests arising from state law, the existence
23 of a liberty interest created by prison regulations is determined by focusing on the nature of the
24 deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by prison
25 regulations are limited to freedom from restraint which "imposes atypical and significant
26

1  hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

2  Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be
3  entitled under federal law to any procedural due process protections, plaintiff must first have a
4  liberty interest at stake. Plaintiff has alleged no facts that establish the existence of a liberty
5  interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th
6  Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in
7  freedom from state action taken within sentence imposed and administrative segregation falls
8  within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted);
9  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the
10  SHU was within range of confinement normally expected by inmates in relation to ordinary
11  incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from
12  confinement in the SHU) (quotations omitted). Because plaintiff has not established the
13  existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for
14  relief under section 1983 for deprivation of procedural due process.

15  The second amended complaint states a claim for relief as to Defendants Nason and
16  Vargas for excessive force in violation of the Eighth Amendment. Plaintiff fails to state a claim
17  for relief as to Defendant Butts. The court will, however, grant Plaintiff one final opportunity to
18  file a third amended complaint. Should Plaintiff fail to file a third amended complaint within
19  thirty days, this action will proceed on the second amended complaint against Defendants Nason
20  and Vargas for excessive force.
21  //
22  //
23  //
24  //
25  //
26

Plaintiff is advised that an amended complaint supercedes the original complaint, <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a third amended complaint.  The third amended complaint is due filed within thirty days of the date of service of this order.

2. Should Plaintiff fail to file a third amended complaint, this action will proceed against Defendants Nason and Vargas, and the court will send to Plaintiff the forms for service of process.

IT IS SO ORDERED.

Dated:   **February 22, 2010**           **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE