1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9   CHARLES JAMES MAULDIN,                CASE NO.   1:04-cv-6527-LJO-MJS (PC)

                        Plaintiff,        FINDINGS AND RECOMMENDATIONS
10                                        RECOMMENDING DEFENDANT'S MOTION
        v.                                TO DISMISS FOR FAILURE TO EXHAUST
11                                        BE GRANTED
    C. NASON, et al.,
12                                        (ECF No. 37)
                        Defendants.
13                                        OBJECTION DUE WITHIN THIRTY DAYS

14  _____/

15

16  **I.      PROCEDURAL HISTORY**

17          Plaintiff Charles James Mauldin ("Plaintiff") is a state prisoner proceeding pro se and

18  in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action

19  is proceeding on Plaintiff's June 26, 2009 Second Amended Complaint.  Plaintiff alleges

20  that Defendants Nason and Vargas violated his Eighth Amendment rights by failing to

21  intervene when Plaintiff was attacked by another prisoner.  Defendant Vargas was served

22  with the Second Amended Complaint on June 7, 2010[1] and filed a Motion to Dismiss on

23  June 28, 2010 [ECF No. 37] on the ground that Plaintiff had failed to exhaust his available

24  administrative remedies.  Plaintiff filed an opposition on July 22, 2010, and Defendant filed

25  a reply on July 27, 2010.  (ECF Nos. 28 & 39.)

26  ///

27

28
    _____

        [1] There is no indication that Defendant Nason has been served in this action.

1   II.      **EXHAUSTION REQUIREMENT**

2

3          Defendant argues that Plaintiff failed to exhaust his claims as required by 42 U.S.C.

4   § 1997e(a) and as a result left them subject to dismissal.  Section 1997e(a) of the Prison

5   Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to

6   prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

7   confined in any jail, prison, or other correctional facility until such administrative remedies

8   as are available are exhausted."  Prisoners are required to exhaust available administrative

9   remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey,

10  311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief

11  sought by the prisoner and regardless of the relief offered by the process, Booth v.

12  Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001).  The exhaustion requirement applies

13  to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct.

14  983 (2002).

15         The California Department of Corrections and Rehabilitation has an administrative

16  grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (West 2009).

17  The process is initiated by submitting a CDCR Form 602.  Id. at § 3084.2(a).  Four levels

18  of appeal are involved, including the informal level, first formal level, second formal level,

19  and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must

20  be submitted within fifteen working days of the event being appealed, and the process is

21  initiated by submission of the appeal to the informal level, or in some circumstances, the

22  first formal level.  Id. at §§ 3084.5, 3084.6(c).  In order to satisfy section 1997e(a),

23  California state prisoners are required to use this process to exhaust their claims prior to

24  filing suit.  Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311

25  F.3d at 1199-1201.

26         Section 1997e(a) does not impose a pleading requirement, but rather is an

27  affirmative defense under which Defendant has the burden of raising and proving the

28  absence of exhaustion.  Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119

1  (9th Cir. 2003). Failure to exhaust non-jurisdictional, non-judicial, administrative remedies

2  is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.

3  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union,

4  837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure

5  to exhaust administrative remedies, the Court may look beyond the pleadings and decide

6  disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the

7  prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal

8  without prejudice. Id.

9  **III.    DEFENDANT'S MOTION**

10        The above-captioned action arises out of a January 21, 2004 incident in which

11  Plaintiff was attacked by another inmate. Plaintiff alleges that Defendants Nason and

12  Vargas, who are prison guards at Avenal State Prison, failed to intervene and stop the

13  attack in a timely manner. Plaintiff requests compensatory and punitive damages for the

14  alleged constitutional violation.

15        An inmate grievance is initiated by filing CDCR 602. Once the 602 is submitted to

16  the institution's appeals coordinator, it is screened for compliance with the criteria set forth

17  in the California regulations. If a 602 does not comply with regulations, the appeals

18  coordinator generates a CDC-695 stating what corrections are required and attaches it to

19  the grievance. These two documents are then returned to the prisoner; the appeals

20  coordinator does not keep a copy. This process is called "screening out" a grievance.

21        In the instant Motion, Defendant alleges that dismissal is proper because Plaintiff

22  failed to submit any inmate grievances related to the January 21, 2004 incident. Defendant

23  relies on Plaintiff's inmate grievance log showing that no appeals filed by Plaintiff were

24  processed for review between May 23, 2003 and April 14, 2004. (ECF No. 37-2 & 37-3.)

25  Defendant admits that Plaintiff initiated a number of appeals during that time period but

26  alleges that they were all screened out for failure to comply with departmental regulations.

27  (Id.) The evidence supports Defendant's contentions.

28        Plaintiff opposes the motion and claims that he filed a 602 based on the January 21

1  attack but was "stonewalled" and his appeal was never processed.  (ECF No. 38.)  In

2  support of this contention, Plaintiff has attached two 602s: one date-stamped as received

3  in the ASP appeals office on February 3, 2004 (hereafter "the February 602"), the other

4  date-stamped as received in the ASP appeals office on December 16, 2004 (hereafter "the

5  December  602").  (ECF No. 38 at 3-4.)

6          Contrary to Defendant's assertion, the fact that Plaintiff did not have a grievance

7  processed for review in the relevant time period does not show that he failed to  exhaust

8  his administrative remedies.  While the absence of evidence that a grievance was officially

9  filed may indicate that a plaintiff never submitted the grievance, it may also indicate that

10  the grievance was discarded or ignored by staff as Plaintiff contends here.  See Spence

11  v. Director of Corr., 2007 WL 61006, *3 (E.D.Cal. Jan. 8, 2007) (If prison officials "are

12  interfering with inmates' ability to properly file their 602s, then there will be no official record

13  of the 602s having been 'accepted.'"), findings and recommendations adopted in full, 2007

14  WL 738528 (E.D.Cal. Mar. 6, 2007).  Thus, the Court will proceed on the assumption, for

15  purposes of the instant Motion only, that Plaintiff's February  602 was filed in accordance

16  with the relevant guidelines and that pursuit of this grievance through the appropriate

17  process was frustrated by prison officials.

18          Assuming that Plaintiff filed a timely grievance, the Court must then address whether

19  that grievance sufficiently notified prison authorities of the issue at the heart of this case--

20  Vargas' and Nason's alleged violation of the Eighth Amendment by failing to intervene

21  when Plaintiff was attacked by another inmate.  "The primary purpose of a grievance is to

22  notify the prison of a problem, and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117,

23  1120 (9th Cir. 2009).  In the absence of greater specificity required by the applicable

24  regulations, a grievance is sufficient "'if it alerts the prison to the nature of the wrong for

25  which redress is sought.'" Id. (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

26  In California, inmates are required only to describe the problem and the action requested.

27  Cal. Code Regs., tit. 15 § 3084.2(a) (West 2009).

28          Plaintiff's February  602 alleges that he was attacked by another prisoner and asks

1  that he be exonerated of all charges and allowed to exit administrative segregation.  (ECF

2  No. 38 at 3.)  Vargas is not mentioned anywhere in the 602, and the only mention of Nason

3  is that he filled out a crime/incident report related to the attack on Plaintiff.   Although

4  "exhaustion is not per se inadequate simply because an individual later sued was not

5  named in the grievances," Jones v. Bock, 549 U.S. 199, 219 (2007), the grievance must

6  reasonably apprise the prison staff of the nature of the wrong alleged in the later lawsuit.

7  Griffin, 557 F.3d at 1120.  A prison official reviewing Plaintiff's February 602 would believe

8  that the only wrong that needed to be addressed related tothe charges pending against

9  Plaintiff arising out of the January 21 incident and Plaintiff's placement in administrative

10  segregation as a result.  Nothing in the grievance would notify prison officials that there

11  was an issue related to the guard's failure to intervene in a timely manner.

12         Moreover, the relief requested by Plaintiff does not suggest any wrongdoing on the

13  part of Nason or Vargas.  Plaintiff asks to be exonerated of the charges against him and

14  released from administrative segregation; neither is an appropriate, or even relevant,

15  remedy for an alleged failure to intervene.  Plaintiff does not request that the guards be

16  reprimanded or that he be awarded monetary damages.  Nothing in the relief sought by

17  Plaintiff would put prison officials on notice of the need to address the harm alleged in the

18  instant lawsuit.  Accordingly, the Court finds that Plaintiff's February 602 does not satisfy

19  the notice requirements of section 1997e(a).

20         Plaintiff's December 602 added the statement that "C/O Vargas stood Idle by and

21  watch [sic] the attack take Place."  (ECF No. 38 at 4.)  It also requested damages for pain

22  and suffering in the amount of $15,000 from each Defendant.  (Id.)   Although these

23  changes arguably cured the notice deficiency, the December 602 was untimely and, as

24  such, did not exhaust Plaintiff's administrative remedies for purposes of section 1997e(a).

25  "Proper exhaustion demands compliance with an agency's deadlines and other critical

26  procedural rules."  Woodford v. Ngo, 548 U.S. 81, 90 (2006).  "An appellant must submit

27  the appeal within 15 working days of the event or decision being appealed."   See Cal.

28  Code Regs., tit. 15 § 3084.6(c).  A 602 filed on December 16, 2004 grieving an incident

1   that occurred on January 21, 2004 is undoubtedly untimely.  An untimely appeal does not

2   satisfy section 1997e(a).  Woodford, 548 U.S. at 83-84.

3   **IV.      CONCLUSION AND RECOMMENDATION**

4          In his Second Amended Complaint, Plaintiff alleges that Defendants Nason and

5   Vargas failed to intervene in a timely manner when Plaintiff was attacked by a fellow

6   inmate and thereby violated his Eighth Amendment rights.  Plaintiff did not file a timely

7   grievance notifying prison officials of the nature of the wrong for which relief is sought.

8   Therefore, the Court HEREBY RECOMMENDS that Defendant's June 28, 2010, motion

9   to dismiss for failure to exhaust be GRANTED.

10         These Findings and Recommendations will be submitted to the United States

11  District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l).

12  Within thirty (30) days after being served with these Findings and Recommendations, the

13  parties may file written objections with the Court.  The document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."   The parties are

15  advised that failure to file objections within the specified time may waive the right to appeal

16  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18  IT IS SO ORDERED.

19  Dated:    August 11, 2010              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28